# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2680 | **DATE** | 2/12/2004 |
| **CASE TITLE** | Davis vs. Merrill Lynch Business | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 3/10/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, Merrill Lynch's motion to dismiss Counts III and X is granted in part and denied in part. Counts III, IV, and VIII are dismissed. The plaintiffs shall, within fourteen days from the date of this opinion, file an amended complaint if they can do so consistent with Rule 11. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 13 2004 | |
| | Notified counsel by telephone. | | date docketed | 45 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

W.E. DAVIS; DONALD R. DAVIS; and )
W.E. DAVIS & SONS CONSTRUCTION )
COMPANY, INC., )
 )
    Plaintiffs, )
 )
v. ) No: 03 C 2680
 )
MERRILL LYNCH BUSINESS ) Judge John W. Darrah
FINANCIAL SERVICES, INC., )
 )
    Defendants. )

DOCKETED
FEB 1 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs, W.E. Davis, Donald R. Davis, and W.E. Davis & Sons Construction Company, Inc. ("Davis Construction"), filed suit against Defendant, Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch"), for breaching a financial services agreement. Presently before the Court is Merrill Lynch's Motion to Dismiss Counts III Through X. For the following reasons, that motion is granted in part and denied in part.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiffs' Complaint. Davis Construction is engaged in the construction business and routinely enters into agreements with subcontractors to complete commercial construction projects. In order to conduct business, Davis Construction must have a line of credit to help make payments to subcontractors and handle the costs of doing business during construction projects until the projects are completed and monies are paid.

Merrill Lynch approached Davis Construction on or around January of 1999 about opening a line of credit. Merrill Lynch explained that its line of credit was more attractive than other lines of credit because it combined a checking account with a revolving line of credit and certain other features to create an automated cash management system. As a result of the Merrill Lynch's selling efforts and representation of extending additional credit to Davis Construction to what it currently had, Davis Construction applied for a line of credit with Merrill Lynch.

In or around December 1999, Merrill Lynch approved Davis Construction's application. Davis Construction then executed a WCMA Loan Security Agreement (the "Loan Agreement"). Thereafter, W.E. Davis and Donald R. Davis executed unconditional guarantees relative to the Loan Agreement. The term of the Loan Agreement was from January 31, 2000 through January 31, 2001.

From January 2000 through December 2000, Davis Construction requested loans by writing checks on the account line of credit. Merrill Lynch honored these checks, and Davis Construction made all requested payments on its loan and fulfilled all of its obligations under the Loan Agreements. The maximum line of credit under the Loan Agreement was an amount equal to the lessor of: (1) $1,000,000 or (2) 80% of Davis Construction's accounts and chattel paper.

On or about January 2 and 3, 2001, Merrill Lynch representatives told Davis Construction that the account credit line would not be renewed, Davis Construction would have ninety days to obtain an alternative line of credit, and the existing line of credit would max out at $850,000. However, by virtue of three letters dated January 11, 12, and 17, 2001, Merrill Lynch advised Davis Construction that it would not honor certain checks in the amounts of $85,693.23, $36,091.17, and $50,025.23. Thereafter, without its line of credit, Davis Construction was unable to perform financial obligations on its existing projects, suffered harm to its reputation in the industry, suffered damage to its cash flow, and lost business when it attempted to operate with a line of credit.

Throughout the term of the Loan Agreement, Davis Construction relied on the line of credit to operate its business. Merrill Lynch possessed financial statements that reflected the business Davis Construction was working on at any given time. Thus, Merrill Lynch was aware that Davis Construction relied on its line of credit to operate its business.

## ANALYSIS

Merrill Lynch seeks to dismiss Counts III-X of Plaintiffs' Amended Complaint. Count III alleges fraudulent misrepresentation; Count IV alleges intentional interference with business relationships; and Count V alleges willful misconduct. Count VIII alleges a breach of fiduciary duty for making false statements. The remaining four counts, Counts VI, VII, IX, and X, also allege a breach of fiduciary duty.

*The Illinois Credit Agreements Act*

According to Merrill Lynch, Counts III, IV, V, and VIII should be dismissed because they are all barred by the Illinois Credit Agreements Act. Specifically, Merrill Lynch argues that any claims arising from oral representations stating Davis Construction would have ninety days to obtain an alternative line of credit and that the existing line of credit would max out at $850,000 are not actionable under the Act.

The Illinois Credit Agreement Act, 815 ILCS § 160/2, provides:

> A debtor may not maintain an action on or in any way related to a credit agreement unless the credit agreement is in writing, expresses an agreement or commitment to lend money or extend credit or delay or forbear repayment of money, sets for th the relevant terms and conditions, and is signed by the creditor and debtor.

This provision proscribes "all actions which depend for their existence upon an oral credit agreement," whether they sound in tort or contract. *Whirlpool Fin. Corp. v. Sevaux*, 96 F.3d 216, 225 (7th Cir. 1996) ("*Sevaux*").

In their response, Plaintiffs contend that they are not seeking to enforce the oral representations made by Merrill Lynch, and the representations are only pled to demonstrate fraud. However, without the oral representations, there cannot be an actionable cause for the

4

fraudulent misrepresentation claim in Count III and the breach of fiduciary duty claim for making false statements in Count VIII. *See Sevaux*, 96 F.3d at 225 (barring claims for fraud and breach of a fiduciary duty that related to an oral credit agreement). Accordingly, both Count III and Count VIII fail to state a claim upon which relief can be granted and are, thus, dismissed.

In contrast, Counts IV and V, the intentional interference with business relationship and the willful and wanton misconduct claims, are not necessarily barred by the Illinois Credit Agreement Act. To the extent these claims do not depend on any statements made in connection with the Loan Agreement by Merrill Lynch representatives, the Act does not proscribe these claims. However, to the extent these claims are premised on oral statements by representatives of Merrill Lynch, those claims are prohibited by the Act and are dismissed. *See Gen. Elec. Capital Corp. v. Donogh Homes, Inc.*, 93 C 5614, 1993 WL 524814, at *4 (N.D. Ill. Dec. 15, 1993).

### *Intentional Interference With Business Relationships*

Merrill Lynch seeks to dismiss Count IV because Plaintiffs failed to allege that any conduct by Merrill Lynch was directed at third parties. Specifically, Merrill Lynch asserts that Plaintiffs' allegations only demonstrate that Merrill Lynch understood a detrimental effect would occur to Davis Construction's relations with third parties, not that Merrill Lynch intentionally sought third parties to breach their contracts with Davis Construction.

To state a cause of action for intentional interference with contractual relations, Plaintiffs must allege: (1) the existence of an enforceable contract between Plaintiffs and a third party; (2) Merrill Lynch's knowledge of the contract; (3) Merrill Lynch intentionally and maliciously induced the breach of that contract; (4) a subsequent breach of contract by the third party; and

5

(5) damage to Plaintiffs. *R.E. Davis Chem. Corp. v. Diasonics, Inc.*, 826 F.2d 678, 685 (7th Cir. 1987). Illinois law also requires Plaintiffs to allege that Merrill Lynch's intentional and malicious conduct was directed at third parties "in the first instance." *Krieger v. Adler, Kaplan, and Begy*, 94 C 7809, 1996 WL 6540, at *9 (N.D. Ill. Jan. 5, 1996) (citing *Schuler v. Abbot Labs*, 639 N.E.2d 144, 148 (Ill. App. Ct. 1993)); *see also Laser Indus., Ltd. v. Eder Instrument Co.*, 573 F. Supp. 987, 994 (N.D. Ill. 1993).

In this case, Plaintiffs have failed to allege that Merrill Lynch's intentional and malicious conduct was directed toward third parties. Plaintiffs' Amended Complaint only states that Davis Construction's business relationships were intentionally interfered with when Merrill Lynch failed to honor the request for funds in January 2001. However, the Complaint does not allege that Merrill Lynch's actions were specifically directed at third parties "in the first instance," as is required under Illinois law. Plaintiffs' response to the motion to dismiss also fails to explain that Merrill Lynch specifically acted toward third parties. Plaintiffs have failed to present any authority to the contrary. Accordingly, Merrill Lynch's Motion to Dismiss Count IV in its entirety is granted.

*Willful and Wanton Misconduct Claim*

Merrill Lynch seeks to dismiss Count V, the willful and wanton misconduct claim, as well. Merrill Lynch argues that no separate and independent tort of willful and wanton misconduct exists; and Plaintiffs must allege a separate tort, independent of a breach of contract action, to bring Count V. *See Hunter Douglas Metals, Inc. v. Mange Trading Co.*, 586 F. Supp. 926, 929 (N.D. Ill. 1984); *Naiditch v. Shaf Home Builders, Inc.*, 512 N.E.2d 1027, 1037-38 (Ill. App. Ct. 1987). Here, Plaintiffs have failed to properly allege a tort independent of a breach of

contract claim and have not presented any authority to the contrary. Therefore, Merrill Lynch's Motion to Dismiss Count V is granted.

*Fiduciary Duty Claims*

Lastly, Merrill Lynch asserts that Counts VI, VII, IX, and X, the claims for a breach of a fiduciary duty, should be dismissed because Plaintiffs have failed to show that a fiduciary duty exists. Generally, a creditor-debtor relationship is not a fiduciary relationship, but "[i]t is possible that the particular circumstances surrounding a relationship will make it a fiduciary relationship." *Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115, 1119 (7th Cir. 1992) (*Pommier*). "The essence of a fiduciary relationship is that one party is dominated by the other"; and the "dominant party must accept the responsibility, accept the trust, of the other party." *Pommier*, 967 F.2d at 1119.

Here, according to Plaintiffs, Merrill Lynch contacted Davis Construction about obtaining a line of credit, Davis Construction applied for a line of credit because of Merrill Lynch's selling efforts, and W.E. Davis and Donald R. Davis executed unconditional guarantees relative to the Loan Agreement. Plaintiffs further allege that Davis Construction relies on its line of credit to operate its business and that Merrill Lynch, who possessed financial statements showing the extent of Davis Construction's business, was aware of Davis Construction's reliance on the line of credit.

For the purposes of this motion, these allegations show that particular circumstances may surround the relationship between Merrill Lynch and Davis Construction. Merrill Lynch actively sought out and accepted the responsibility of providing Davis Construction with its essential line of credit. Furthermore, Merrill Lynch was in a position to know the importance of providing

7

Davis Construction with the line of credit. Plaintiffs have adequately placed Merrill Lynch on notice of the claims it is asserting for breach of fiduciary duty. Therefore, Merrill Lynch's Motion to Dismiss Counts VI, VII, IX, and X is denied.

## CONCLUSION

For the foregoing reasons, Merrill Lynch's Motion to Dismiss Counts III Through X is granted in part and denied in part. Counts III, IV, V, and VIII are dismissed. The Plaintiffs shall, within fourteen days from the date of this opinion, file an Amended Complaint if they can do so consistent with Rule 11.

Dated: February 12, 2004

JOHN W. DARRAH
United States District Judge